IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALBERT STEVEN TATE, ) | |
|     Plaintiff, ) | Civil Action No. 7:21-cv-00361 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| WARDEN C. DAVIS, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

    Albert Steven Tate, an inmate in the custody of the Virginia Department of Corrections and proceeding pro se, commenced this civil action under 42 U.S.C. § 1983. In his complaint, he alleges that his constitutional rights were violated when, on a single occasion, mail sent to him by the United States Court of Appeals for the Fourth Circuit and was not delivered to him until 24 days after his prison's mailroom received it. Specifically, he alleges that on June 1, 2020, he received a piece of legal mail sent to him by the Fourth Circuit. According to a date-stamp on the item, though, his facility's mailroom had received it on May 7, 2020.

    Tate's complaint primarily details his efforts in exhausting his administrative grievances, which it appears he has done. At the final level of appeal, his grievance was deemed founded. Moreover, throughout the grievance process, responses to his submissions admitted that the mail had been delayed in getting to him, but explained that it was an isolated incident and that steps had been taken to remedy the problem.

    The court has reviewed the complaint, pursuant to 28 U.S.C. § 1915A(a), which requires an initial review of a "complaint in a civil action in which a prisoner seeks redress

from a governmental entity or officer or employee of a governmental entity." Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Tate's complaint, the court concludes that it fails to state a claim for which relief can be granted. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted).

The court construes Tate's complaint as attempting to assert a First Amendment claim alleging interference with his right of access to the courts.[1] He has not, however, plausibly alleged sufficient facts to support this type of claim. See Lewis v. Casey, 518 U.S. 343, 351–53 (1996) (discussing the right generally).

First of all, an isolated incident of mail mishandling—which is all that Tate alleges—does not rise to the level of a constitutional violation. See Pearson v. Simms, 345 F. Supp.

---

[1] Tate's complaint also references a potential due process violation, because no one was held responsible for his mail being delivered late, despite the fact that the holding of his mail violated the operating procedures of the Virginia Department of Corrections. This also fails to state a constitutional claim, however. See Riccio v. Cty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process violation).

2d 515, 519 (D. Md. 2003), aff'd, 88 F. App'x 639 (4th Cir. 2004) (holding that "occasional incidents of delay or non-delivery of mail" are not actionable under § 1983); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); Gardner v. Howard, 109 F.3d 427, 430–31 (8th Cir. 1997) (same as to inadvertent instances of legal mail being opened outside of an inmate's presence); Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va.1990) (same as to an isolated incident of mail mishandling).

Equally as important, a plaintiff's right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002). Thus, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege facts showing that the challenged action has actually "hindered his efforts to pursue" a nonfrivolous legal claim. Lewis, 518 U.S. at 351. Specifically, the plaintiff must identify in his complaint a "nonfrivolous," "arguable" legal claim, along with the potential remedy that claim sought to recover, that was lost as a result of the defendant's alleged interference with the plaintiff's right of access. Christopher, 536 U.S. at 415–16 (quoting Casey, 518 U.S. at 353). Put differently, the cause of action in the underlying action, "whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Id. at 415.

Tate's pleading does not meet that standard. He does not identify the case to which the document sent to him related, the claims raised in that case, or the nature of the

correspondence sent to him that was delayed. A search of Fourth Circuit records reveals that the only case filed by Tate in which there were entries around that time was Tate v. Parks, No. 19-6260 (4th Cir.).[2] In that case, Tate appealed from a decision of this court, in which the presiding United States Magistrate Judge had granted summary judgment for defendants. In an unpublished per curiam opinion and accompanying judgment order, both entered on November 12, 2019, the Fourth Circuit affirmed in part, vacated in part, and remanded the case for further proceedings. The mandate issued on December 4, 2019. Then, on April 30, 2020, there is a final docket entry in the case, which is a letter from Tate requesting a copy of any opinion or rulings in the case. Presumably, the document sent to Tate and received by his facility approximately one week later was the response to his letter.

Thus, assuming that his case included nonfrivolous legal claims, the record before the Fourth Circuit refutes that those claims were affected in any way by the delay in his receipt of the correspondence in April or May of 2020, which was after the mandate had issued in the case. Moreover, he has not alleged that he lost any claim or that the case was actually affected by the delay in mail. Instead, he simply asserts that the holding of his mail "prejudiced [him] to possible adverse rulings and delays." Compl. 13, ECF No. 1. He does not say that any claim was, in fact, adversely affected, and the Fourth Circuit's records indicate otherwise. Accordingly, Tate has not adequately stated a claim that he was denied access to the courts.

---

[2] See Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of other court proceedings that directly relate to the issues pending before it).

## CONCLUSION

For the foregoing reasons, Tate's complaint will be summarily dismissed. An appropriate order will be entered.

It is so **ORDERED**.

Entered: July 18, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.07.18 10:25:44
-04'00'

Michael F. Urbanski
Chief United States District Judge